PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report finding attorney Frederick E. Graves guilty of professional misconduct. We conduct our review pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.
Following the filing of a formal complaint and the appointment of a referee, respondent submitted a conditional guilty plea for a consent judgment encompassing both the misconduct charged in the complaint and other matters then pending as grievances within the investigative apparatus of the Bar. With the approval of a designated reviewer acting on behalf of the Board of Governors, the Bar agreed to include the separate matters with the matters charged in the complaint and approved the conditional guilty plea. Thereupon the referee accepted the plea.
On count one, the referee found that respondent failed to appear in court on behalf of a client as agreed and was therefore guilty of neglecting a legal matter entrusted to him. On count two, the referee found that respondent failed to prepare necessary documents in litigation undertaken on behalf of a client and was again guilty of neglecting a legal matter. On count three, the referee found that respondent failed to appear for a deposition in a matter in which respondent was a *345 party and was held to be in contempt of court. The referee found that respondent had engaged in conduct prejudicial to the administration of justice. On count four, the referee found that respondent issued a check to a physician for an evaluation and the check was returned for non-sufficient funds. The check was later reissued. The referee found this to be conduct adversely reflecting on respondent’s fitness to practice law. On count five, the referee found that respondent had been held in contempt by a United States District Court for arriving late for an appearance on behalf of a client. The referee found that the incident showed conduct prejudicial to the administration of justice.
As a disciplinary measure, the referee recommended that respondent be suspended from the practice of law for ten days. Neither party seeks review of the referee’s findings or recommendations, based as they are on the parties’ stipulations and agreements as to the facts, respondent’s guilt, and the disciplinary measure to be imposed.
Following the filing of the referee’s report, we ordered the parties to file briefs directed to the suitability of the recommended discipline. See Rules Regulating The Florida Bar, Rule 3-7.6(c)(6). We have considered the briefs and conclude that under the circumstances presented the recommended discipline is appropriate. We therefore approve the referee’s findings and recommendations and adopt the recommended discipline.
Respondent shall be suspended from the practice of law for ten days. In order to allow respondent time to arrange for an orderly cessation of the practice of law, the suspension herein ordered shall take effect thirty days from the date of this judgment.
The costs of these proceedings are assessed against the respondent. Judgment is entered against Frederick E. Graves in the amount of $1,242.17, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.